## Commonwealth ex rel. v. Smith

*Samuel B. Steinbach*, for plaintiff.
*John W. McFayden*, for defendant.

McKIM, P. J., March 2, 1937.—This matter is before the court on petition of Rachel Smith, the wife of defendant, who, on January 25, 1937, filed an information setting forth that defendant had, without reasonable cause, refused to support his wife and children.

It seems that prosecutrix, Rachel Smith, filed a complaint in the Court of Quarter Sessions of Westmoreland County on January 23, 1935, charging her husband, defendant herein, with desertion and nonsupport, the proceedings being of record in Westmoreland County at no.

288, November sessions, 1934, in the Court of Quarter Sessions of Westmoreland County. A hearing was had in Westmoreland County on this complaint, and an order of court was made against defendant requiring him to pay $25 a month for the support of his wife and children. It appears that after this order was made the parties were reconciled and lived together in Westmoreland County as man and wife until September 7, 1936, when prosecutrix left the home and habitation of her husband because of alleged abuses, and took up her residence in Allegheny County.

On October 22, 1936, prosecutrix entered a complaint in this county, at Commonwealth docket no. 1328 of 1936, complaining that her husband, without reasonable cause, refused to support her and her children. This case came on to be heard, and defendant offered in evidence the record of the Court of Quarter Sessions of Westmoreland County, supra, whereupon the trial judge dismissed the case for the reason that the same matter was pending in Westmoreland County. On the following day prosecutrix went to Westmoreland County and, upon her petition to the Court of Quarter Sessions of Westmoreland County, had the proceedings there nolle prossed.

On January 25, 1937, prosecutrix then filed the information which is now before the court, alleging that her husband had, without reasonable cause, refused to support his wife and children. On the hearing of this information exceptions were filed to this court's taking cognizance of the information because of the fact that an action had been instituted in Westmoreland County and was nolle prossed upon the petition of prosecutrix, and that she immediately started proceedings in this county, thus subjecting defendant to undue litigation and the burden of answering a complaint that should have been disposed of in the Court of Quarter Sessions of Westmoreland County, rather than having the case there nolle prossed.

The facts as presented to the court indicate that after the parties had been reconciled in Westmoreland County they lived together as man and wife for a course of some few months, after which, as prosecutrix claims, she could no longer live with defendant because of certain abuses to which she was subjected by him.

While this court is loath to interfere with a matter that has been before another court of similar jurisdiction, and under ordinary circumstances would not permit prosecutrix to discontinue proceedings in one county and come to another for redress, we are, however, convinced that in the instant case, because of the fact that prosecutrix and defendant did live together as man and wife for a certain time after the order of court had been made in Westmoreland County, prosecutrix, having removed to this county, is entitled to have her cause heard here. It is for this reason, and this reason only, that the court has seen fit to consider the complaint of prosecutrix. We feel that in so doing we are acting within the sound discretion of this court.

We are further convinced from the testimony in this case that an order should be made against defendant for the support of his wife and children.

*Order of court*

And now, to wit, March 2, 1937, after hearing in the above-entitled case, defendant is adjudged guilty of non-support, as charged in the information made in this case, and it is ordered and decreed that defendant pay to the desertion probation officer appointed by the court the sum of $40 per month, payable semi-monthly, for the support of his wife and children; said money to be turned over by said probation officer to Rachel Smith, within-named prosecutrix.

It is further ordered that defendant enter his own recognizance in the sum of $1,000, conditioned for his compliance with the provisions of this order.

126

It is further ordered that in default of compliance by defendant with the provisions of this order he be imprisoned in the county jail of Allegheny County until the provisions of this order be complied with, or he be otherwise discharged according to law.

The costs of the proceedings to be paid by defendant.